**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| **IN RE: AME CHURCH EMPLOYEE RETIREMENT FUND LITIGATION** | )<br>)<br>) | **MDL NO. 3035** |

**DEFENDANT NEWPORT GROUP, INC.'S INTERESTED PARTY RESPONSE TO
PLAINTIFF REV. PEARCE EWING'S MOTION FOR TRANSFER OF ACTIONS
PURSUANT TO 28 U.S.C. § 1407, TO THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TENNESSEE FOR
<u>COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS</u>**

Pursuant Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Newport Group, Inc. ("Newport")—which has been named as a defendant in some of the relevant actions—submits this response and memorandum of law to Plaintiff Rev. Pearce Ewing's Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 to the United States District Court for the Western District of Tennessee for Coordinated or Consolidated Pretrial Proceedings ("Motion") (ECF No. 1). As described below, Newport supports consolidation and transfer to the Western District of Tennessee.

<u>**ARGUMENT**</u>

On April 2, 2022, Plaintiff Rev. Pearce Ewing ("Plaintiff Ewing") filed the Motion seeking to transfer to the Western District of Tennessee five lawsuits brought by different plaintiffs on behalf of themselves and all participants of the African Methodist Episcopal Church Pension Fund (the "Fund"), all involving substantially similar claims regarding the management of the Fund and its investments. Two of the lawsuits, including the lawsuit filed by Plaintiff Ewing, were filed in the Western District of Tennessee and are already in front of Judge John T.

Fowlkes, Jr.[1]  In the Motion, Plaintiff Ewing seeks to transfer and consolidate or coordinate all of the lawsuits and any tag-along lawsuits pursuant 28 U.S.C. § 1407.

In support of their Motion, Plaintiff Ewing argues that transfer and consolidation under § 1407 is appropriate because: (1) the lawsuits involve common questions of fact; and (2) a transfer would facilitate the convenience of the parties and promote the just and efficient conduct of the transferred cases.  *See* ECF No. 1, pp. 6-10.  Newport agrees with Plaintiff Ewing that a transfer and consolidation of all of the lawsuits to the Western District of Tennessee and to Judge Fowlkes is appropriate.  Transfer and consolidation should be granted under § 1407 where, like here, it would promote a just and efficient process for all parties involved by "avoid[ing] duplication of [] discovery, as well as eliminate the potential for inconsistent rulings on class certification and other pretrial matters."  *In re Zetia (Ezetimibe) Antitrust Litig.*, 325 F. Supp. 3d 1369, 1370 (U.S. Jud. Pan. Mult. Lit. 2018) (granting motion to transfer under § 1407).  For example, without transfer and consolidation, the parties here would be subject to duplicative motion practice, discovery requests, production, and depositions of the same individuals in multiple cases.

Further, Newport agrees that the Western District of Tennessee is an appropriate forum for consolidation of the lawsuits because two of the lawsuits are pending there and AMEC's Department of Retirement Services is headquartered in Memphis, Tennessee.  *See In re: Schnuck Markets, Inc., Customer Data Sec. Breach Litig.*, 978 F. Supp. 2d 1379, 1381 (U.S. Jud. Pan.

---

[1] E*wing v. Newport Group, Inc., et al.,* No. 2:22-cv-02136-JTF-atc (W.D. Tenn.); *Jackson v. Newport Group, Inc., et al.*, No. 2:22-cv-02174-JTF-atc (W.D. Tenn.).  The other pending cases were filed in the Middle District of Florida, District of Maryland and Eastern District of Virginia. *See Russ v. Newport Group, Inc., et al.*, No. 3:22-cv-00375-BJD-LLL (M.D. Fl.); *Wade v. Newport Group, Inc., et al.*, No. 3:22-cv-00179-DJN (E.D. Va.); and *Alexander v. Harris, et al.*, 8:22-cv-00707-TJS (D. Md.).

Mult. Lit. 2013) (Eastern District of Missouri was an appropriate forum because one action and a tag-along action were pending there and the defendant's headquarters was located there).

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendant Newport agrees that the lawsuits should be transferred pursuant 28 U.S.C. § 1407 to the United States District Court for the Western District of Tennessee for consolidated pretrial proceedings before Judge John T. Fowlkes, Jr.

Dated:  April 22, 2022.

Respectfully submitted,

s/James O. Fleckner
James O. Fleckner
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
617-570-1000
jfleckner@goodwinlaw.com

DeMario M. Carswell
GOODWIN PROCTER LLP
1900 N. Street NW
Washington, D.C. 20036
202-346-4000
dcarswell@goodwinlaw.com

ATTORNEYS FOR DEFENDANT
NEWPORT GROUP, INC.