**BEFORE THE UNITED STATES JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: AME CHURCH EMPLOYEE RETIREMENT FUND LITIGATION | MDL NO. 3035 |

**PLAINTIFF REVEREND CEDRIC V. ALEXANDER'S**
**INTERESTED PARTY RESPONSE AND MEMORANDUM OF LAW**
**IN OPPOSITION TO PLAINTIFF REVEREND PEARCE EWING'S MOTION**
**PURSUANT TO 28 U.S.C. § 1407 FOR TRANSFER OF ACTIONS TO THE**
**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF**
**TENNESSEE FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Pursuant to JPML Rule 6.2 and 28 U.S.C. § 1407, Plaintiff Reverend Cedric V. Alexander

("Plaintiff Alexander") respectfully submits his opposition to Plaintiff Ewing's Motion for

Transfer of Actions to the Western District of Tennessee ("Motion").    Plaintiff Ewing requests

both transfer and consolidation of all actions he lists in his Schedule of Actions ("Actions") and

any subsequently filed tag-along cases to the United States District Court for the Western District

of Tennessee for pretrial consolidation before Judge John T. Fowlkes, Jr.    Plaintiff Alexander

does not oppose consolidation as requested by Plaintiff Ewing in his Motion but opposes the

transfer of the consolidated actions to the Western District of Tennessee and respectfully requests

that the Panel consolidate the cases listed on the Schedule of Actions and any subsequent actions

and transfer the consolidated Actions to the U.S. District Court for the District of Maryland,

where Plaintiff Alexander's action is filed.

## I.    INTRODUCTION

In his Motion, Plaintiff Ewing seeks the transfer and consolidation of "all pending

Actions against Newport Group, Inc., Symetra Financial Corporation, Rev. Jerome V. Harris,

and the African Methodist Episcopal Church, Inc. ("AME" or "the Church"), all of which allege

the loss of millions of dollars of the Church's retirement plan assets. ECF No. 1-1.[1]   Plaintiff

Ewing's Motion seeks transfer of these Actions against defendants found nationwide to the

district in which his complaint is filed, the Western District of Tennessee.   Plaintiff Alexander

does not dispute that the elements warranting consolidation are met (despite the fact that the

complaints subject to the Motion include different defendants and Plaintiff Alexander's

complaint contains substantively different claims, seeking broader recovery for a larger class of

Church employees).   However, Plaintiff Ewing, as well as the Plaintiffs in the other actions

supporting transfer (*see, e.g.*, ECF. Nos. 23 and 34), ignore crucial differences between their

complaints and Plaintiff Alexander's complaint.   These differences strongly favor transfer of

all Actions to the District of Maryland.

First, Plaintiff Alexander's complaint is significantly broader in scope and more

comprehensive than the other four actions because Plaintiff Alexander's complaint is the only

Action asserting (a) that the pension plan at issue, the African Methodist Episcopal Church

Ministerial Retirement Annuity Plan ("Plan"), is an ERISA governed church plan in which

Defendants' conduct was violative of ERISA's substantive and procedural requirements,

entitling Plaintiff and the Class to remedies under ERISA; and (b) in addition to violations of

ERISA, Tennessee statutes and state common law emanating from the conduct alleged in the

other four complaints, Plaintiff Alexander also alleges that the Church failed to comply with

Plan language requiring it to contribute 12% of each eligible employee's salary to their

individual Plan account and failed to enroll all eligible employees.   Consequently, (i) Plaintiff

Alexander seeks broader remedies than the other four cases (i.e., not just restoration of account

balances in the amounts indicated in account statements before the Church discovered the Plan

---

[1]  Docket references are to the JPMDL docket unless otherwise noted.

had lost over $90 million, but to fully fund each class member's account pursuant to Plan terms and the award of other ERISA penalties) and (ii) the Class he seeks to represent is larger, encompassing all employees who, pursuant to Plan terms, should have been enrolled and earned full Church-funded retirement benefits.

Second, because the Church had argued in an earlier case alleging Plan mismanagement that the Plan was an ERISA-governed church plan, and won on that issue, it will be judicially estopped from claiming here that the Plan is a church plan exempt from ERISA. Consequently, on Defendants' motion to dismiss the consolidated Actions, the presiding court will find that ERISA preempts state common law claims (as the court in the earlier case found) and dismiss the other four cases because they only allege common law claims.   Because Plaintiff Alexander's complaint is the only Action to include violations of ERISA, it will be the only surviving case and therefore should be heard by the Federal District Court in which it was filed – the District of Maryland before Judge Peter J. Messitte.

## II.   ARGUMENT

### A.   Transfer to the District of Maryland is Appropriate Under 28 U.S.C. § 1407

#### a.   That Ewing is the first-filed case has no relevance to the Panel's decision on where the Actions should be transferred.

There is no limitation on what district the Panel can transfer consolidated actions, including a district in which no action is pending and even were venue could not properly be laid. *See* David F. Herr, *Multidistrict Litigation Manual* § 6:2 (May 2021 Update); *In re Peanut Crop Ins. Litig.*, 342 F. Supp. 2d 1353, 1354 (J.P.M.L. 2004).   However, the Panel usually selects to transfer consolidated actions where at least one action is pending.   *See, e.g.*, *In re Michaels Stores, Inc., Wage & Hour Emp. Pracs. Litig.*, 24 F. Supp. 3d 1368, 1369 (J.P.M.L. 2014); *In re Monsanto Co. Genetically-Engineered Wheat Litig.*, 978 F. Supp. 2d 1373, 1373

3

(J.P.M.L. 2013).    Plaintiff Alexander's complaint is filed in the District of Maryland and is an appropriate forum for transfer.    The movant, Plaintiff Ewing, and Plaintiff Jackson (the other action currently filed in the Western District of Tennessee) argue that they were the first-filed actions and this supports transfer to that District. ECF No. 1-1, at 11; ECF No. 34, at 6.    In addition to not being entirely accurate (Plaintiff Alexander's complaint was filed the same day as Plaintiff Jackson's complaint and just three weeks after Plaintiff Ewing's was filed), the status of a first-filed case has no bearing here because the cases before Judge Fowlkes in the W.D. Tenn. are in the same procedural posture as Plaintiff Alexander's action and the other two actions – all are in the early stages of litigation and, as of the date of this filing, not all Defendants have even been served and no responses to complaints have been filed.[2]

### b. Plaintiff Alexander's complaint is broader in scope and seeks relief for a larger class of Church employees, supporting transfer to the District of Maryland.

The Panel need look no further than the length of the complaints in these Actions to conclude that Plaintiff Alexander's 48-page pleading is much more comprehensive than those of the other Actions, which each total less than half that length and contain many fewer details of the alleged wrongdoing, Plan requirements, causes of action, and even fail to specify which count applies to which defendant or defendants in these multiple-defendant cases. *Compare* ECF No. 1-5 (*Alexander* 48 page complaint with 13 federal, Tennessee state statute and state common law counts, all of which specify to which defendant(s) each count applies), *with* ECF No. 1-7 (*Ewing* 12-page complaint with just 2 state common law counts, none specifying which count

---

[2]  In one action, *Russ, et al. v. Newport Group, et al.* (M.D. Fla.), the court ruled that the complaint (similar in form and substance to the complaints in *Ewing* and the other two actions) was a "shotgun pleading" and struck the complaint with leave to amend.    *See Russ, et al. v. Newport Group, et al.,* No. 3:22-cv-375-BJD-LLL (M.D. Fla. filed Mar. 31, 2022), ECF No. 4. Plaintiffs filed their amended complaint April 19, 2022.

applies to which defendant(s)), ECF No. 1-6 (*Jackson* 19 page complaint with 8 state common

law counts, none specifying which count applies to which defendant(s)), ECF No. 1-4 (*Russ* 17-

page complaint with 3 state common law counts, none specifying which count applies to which

defendant(s) (both in the complaint attached to the Motion and the amended complaint filed on

April 19, 2022)), *and* ECF No. 1-8 (*Wade* 18-page complaint with 3 state common law counts,

none specifying which count applies to which defendant(s)).    As discussed *supra* in footnote 2,

the court in the *Russ* action struck that complaint as a "shotgun pleading" due in part because,

like the other Actions filed here, Plaintiffs did not specify which count applied to which

defendant or defendants.

  Further, the *Alexander* complaint includes allegations that the Church and other

Defendants breached ERISA, state statutes, and common law requirements to comply with Plan

terms and fully fund each Plan participants' account through a Church-funded contribution

totaling 12% of each employee's salary.    *See Alexander* Compl., ECF No. 1-5, at ¶¶ 135-36,

153, 163-64, 167-73.    Accordingly, Plaintiff Alexander seeks greater relief for the Class than

the other four Actions.

  Significantly, the *Alexander* complaint not only seeks more relief for the Class, it also

alleges that Defendants failed to comply with Plan terms requiring enrollment of all "Bishops,

General Officers, College Presidents, Deans of Theological Seminaries and Itinerant Elders and

all other ordained persons receiving an appointment to a pastoral charge."    *See Alexander*

Compl., ECF No. 1-5, at ¶¶ 37, 131, 134, 136, 153, 163-64, 167-73.    Consequently, the class

alleged in *Alexander* is broader than that included in the other four Actions because it also

includes Church employees who were Plan participants under the terms of the Plan but were

unlawfully excluded from participation through Defendants' failure to enroll them.    These facts

heavily support transfer to the District of Maryland because the Panel selects as the transferee

district the court having the broadest complaint and most comprehensive case.   *See, e.g.*, *In re*

*Fluidmaster, Inc., Water Connector Components Prods. Liab. Litig.*, 65 F. Supp. 3d 1397, 1398

(J.P.M.L. 2014) (broadest complaint in action pending in chosen transferee district); *In re Frito-*

*Lay N.h Am., Inc.* "*All Nat.*" *Litig.*, 908 F. Supp. 2d 1379, 1380 (J.P.M.L. 2012) (action in

transferee district encompasses all claims in litigation); *In re Novartis Wage & Hour Litig.*, 460

F. Supp. 2d 1382, 1383 (J.P.M.L. 2006) (action in transferee district encompassed broader group

of employees).[3]

> ### c.  Plaintiff Alexander's ERISA claims preempt the common law claims found in the other four Actions, likely resulting in dismissal of all other Actions.

In 2006, a Plan participant named Dorsey W. McCullough filed suit against Defendants

African Methodist Episcopal Church, Inc. and Jerome V. Harris, among others, alleging

mismanagement of his Plan account resulted in violations of ERISA and state common law. In

Defendants' motion to dismiss, the Church sought dismissal of McCullough's state common law

---

[3]  The detailed facts and claims in Plaintiff Alexander's complaint are likely why it alone has attracted so much media attention.  *See, e.g.*, Roland S. Martin, #RolandMartinUnfiltered, *More Than $90M Missing from AME Retirement Funds. AME Facing Lawsuits Unfiltered Live,* YouTube (Apr. 12, 2022), https://www.youtube.com/watch?v=X6dSj8iHb6Y; Anne Stych, *AARP Lawyers Join African Methodist Episcopal Church Retirement Funds Class-Action Suit*, MinistryWatch (Apr. 6, 2022), https://ministrywatch.com/aarp-lawyers-join-african-methodist-episcopal-church-retirement-funds-class-action-suit/; Adam Parker, *Class-Action Suit Filed Against AME Church over $90M in Lost Pension Funds*, The Post & Courier (Apr. 6, 2022), https://www.postandcourier.com/news/class-action-suit-filed-against-ame-church-over-90m-in-lost-pension-funds/article_1e40b8c6-b5b0-11ec-9ca5-dbe5f3573976.html; *AME Church Faces $90M Class-Action Lawsuit Related to Retiree Pension Fund*, The Grio (Apr. 7, 2022), https://thegrio.com/2022/04/07/ame-church-90m-class-action-lawsuit-retiree-pension-fund/; Jessy Edwards, *AME Class Action Claims Church Fiduciaries Lost $90M of Employees Retirement Funds*, Top Class Actions (Apr. 12, 2022), https://topclassactions.com/lawsuit-settlements/money/401k/ame-class-action-claims-church-fiduciaries-lost-90m-of-employees-retirement-funds/; ; William Lee, *Leaders Hopeful AME Church's Pension Scandal Will Be Resolved, As Some Worry It's a Sign of Coming Trend*, Chi. Trib. (Apr. 18, 2022), https://www.chicagotribune.com/news/breaking/ct-ame-church-lawsuit-federal-investigation-20220418-x2okkoh5zbbqzg7b4jk2rhkfty-story.html.

claims based on ERISA preemption.   The Church asserted that since ERISA governed the Plan, ERISA preempted the state law claims and therefore plaintiff was limited to his ERISA claims and the relief afforded by the federal statute.   *McCullough v. Am. Gen. Ins.*, No. 06-cv-0732, 2007 WL 2746892, at *5 (M.D. Tenn. Sept. 19, 2007).   The court granted the Church's motion, dismissing plaintiff's state law claims.

As the Supreme Court has held, when a party "assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position."   *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee,* 156 U.S. 680, 689 (1895)).   This is called judicial estoppel, and it "prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding."   *Id.* (quoting 18 James Wm. Moore et al., *Moore's Federal Practice* § 134.30, at 134–62 (3d ed. 2000)). The Supreme Court listed three non-exclusive factors to determine whether to apply judicial estoppel in a particular case: (1) whether the party's later position is "clearly inconsistent" with its earlier position; (2) whether the party "has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or second court was misled'"; and (3) if the party asserting an inconsistent position "would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."   *Id.* at 750–51 (quoting *Edwards v. Aetna Life Ins. Co..* 690 F.2d 595, 599 (6th Cir. 1982)).

Given this doctrine, Defendants will likely move, as they did in *McCullough*, to dismiss all state law claims in all five Actions, again asserting ERISA preemption.   Should they succeed, the only complaint left standing will be Plaintiff Alexander's ERISA claims because, as

discussed *supra*, the other four actions are limited to state common law claims.   Conversely, should the Defendants' motions to dismiss now claim that the Plan is a non-ERISA church plan, under the Supreme Court's decision in *New Hampshire v. Maine*, they will be judicially estopped from asserting this "clearly inconsistent" position, for which it was undisputedly successful in an earlier action.   Under those circumstances, the transferee court will rule that the Plan is an ERISA-governed church plan and dismiss the state law claims in all the complaints. Accordingly, the *Alexander* complaint will likely be the only action to survive Defendants' motions to dismiss and should therefore be heard in the venue in which Plaintiff resides, the District of Maryland.

### d.   Other considerations also support transfer to the District of Maryland.

Plaintiff Ewing and others claim that the Western District of Tennessee is a proper forum because the district is in a major metropolitan area, served by an airport and that many of the relevant documents and witnesses are located there.   However, these assertions ignore the national character of the Defendants included in the five complaints, and that the Church itself admitted that it has few documents relevant to the alleged conduct.   *See Alexander* Compl., ECF No. 1-5, at ¶ 68 (alleging that at a January 31, 2022 meeting of Defendant Council of Bishops, the current executive director of the Church's Department of Retirement Services ("Department") stated that the Department had been emptied, with nothing in the office cabinets but "empty files and paperclips," and that even the most current version of the Plan document could not be located).   Consequently, discovery will be obtained from other defendants, including Dr. Jerome V. Harris, the members of the Council of Bishops, General Board, Plan trustees, and former Chair of the Department Bishop Samuel Green.   These defendants are located throughout the United States, including Chicago, where the former chair of the Council

8

of Bishops resides, and Columbia, South Carolina (in the Fourth Circuit) where defendant

Bishop lives.   The other four Actions also include defendants found outside of Tennessee,

including Symetra and Safeco Insurance Co. (Washington State), Newport Group (California),

American Express (New York) and RSM McGladrey (Illinois).

Furthermore, as alleged in the *Alexander* complaint and others, the conduct serving as the

catalyst for these actions is under federal investigation.   The plaintiffs in these Actions do not

know any of the details of this investigation, only that the Church has publicly stated that one or

more investigations by federal authorities is ongoing.   Given that investigations by the federal

government are often led by departments located in Washington, D.C., it is likely that much of

the relevant information is located there.   The *Alexander* complaint is before Judge Messitte in

the District of Maryland's Southern Division in Greenbelt, Maryland, just outside of Washington,

D.C.   Where there is a federal investigation or federal governmental parties, the Panel has

transferred actions to the District of Maryland where there are no cases filed in Washington, D.C.

*See, e.g.*, *In re Prac. of Naturopathy Litig.*, 434 F. Supp. 1240, 1243 (J.P.M.L. 1977) (MDL in

District of Maryland because some defendants located in Washington, D.C.); *In re Air Crash*

*Disaster Near Saigon, South Vietnam, on Apr. 4, 1975*, 404 F. Supp. 478, 480 (J.P.M.L. 1975)

(District of Columbia selected, *inter alia*, because discovery from federal governmental agencies

would likely be sought).

Finally, as outlined in other parties' responses to the Motion, in deciding a transferee

court, the Panel also considers whether the district is "a major metropolitan court that i) is not

currently overtaxed with other multidistrict dockets, and ii) possesses the necessary resources to

be able to devote the substantial time and effort to pretrial matters that this complex docket is

likely to require." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 173 F. Supp. 2d 1377, 1380 (J.P.M.L. 2001).

    The District of Maryland currently has just two of the 185 MDLs, and Judge Messitte is not presiding over either of them.[4]   As a senior judge, Judge Messitte's docket would not be burdened by transfer of these Actions, and he is capable of efficiently presiding over the pretrial matters of these Actions.   In addition, Greenbelt, Maryland is served by two airports providing daily direct flights from nearly every U.S. destination, Baltimore/Washington International Thurgood Marshall Airport and Ronald Regan Washington National Airport, both located less than 23 miles from the courthouse.

## CONCLUSION

    For the foregoing reasons, Plaintiff Alexander respectfully requests that the Panel transfer the Actions subject to Plaintiff Ewing's Motion for coordinated or consolidated pretrial proceedings to the United States District Court for the District of Maryland.

  Dated: April 22, 2022

                               Respectfully submitted,

                               */s/ Scott M. Lempert*
                               Elizabeth Hopkins, *pro hac vice*
                               Scott M. Lempert, *Pro hac vice*
                               Susan L. Meter, *pro hac vice*
                               Kantor & Kantor, LLP
                               19839 Nordhoff Street
                               Northridge, CA 91324
                               818-886-2525 (Phone)
                               818-350-6272 (Fax)
                               ehopkins@kantorlaw.net
                               slempert@kantorlaw.net
                               smeter@kantorlaw.net

---

[4] *See Pending MDLs by District*, U.S. Jud. Panel on Multidistrict Litig., https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-April-15-2022.pdf (last visited April 22, 2022).

Dara S. Smith, *pro hac vice*
AARP
601 E Street, NW
Washington, DC 20049
Tel: (202) 434-6280
Fax: (202) 434-6424
dsmith@aarp.org

Attorneys for Plaintiff Alexander and the
Class